Jose **VASQUEZ**, as Personal Representative of the Estate of Sergio Vasquez, Deceased; **Heather Laurel,** also known as **Helen Vasquez, Guardian of V.A.V., a minor, Heir of the Estate of Sergio Vasquez; Rick Stone, Plaintiffs–Appellants**

v.

The **BOILER ROOM; FT Avila & IV Enterprises, Incorporated; RL Worth & Associates; Deputy Arnold Menchaca; Sheriff Amadeo Ortiz; Bexar County, Defendants–Appellees.**

No. 12–51057.

United States Court of Appeals, Fifth Circuit.

Aug. 9, 2013.

Edgardo Rafael Baez, Attorney, Baez Law Firm, P.C., San Antonio, TX, for Plaintiffs–Appellants.

---

David Louis Ortega, Naman, Howell, Smith & Lee, P.L.L.C., San Antonio, TX, Mike Thompson, Wright & Greenhill, Austin, TX, Paul D. Huckabay, Adami, Shuffield, Scheihing & Burns, San Antonio, TX, Albert Lopez, Esq., Law Office of Albert Lopez, San Antonio, TX, Sue Ann Gregory, Assistant District Attorney, District Attorney's Office, San Antonio, TX, for Defendants–Appellees.

Before JONES, SMITH and GARZA, Circuit Judges.

PER CURIAM: *

The court, having heard oral argument and reviewed the parties' briefs and the record on appeal, holds that there is no reversible error of fact or law.

1. Stone's claim is time barred because he filed it after the two-year statute of limitations had expired. The limitation period began to run on the date Stone was shot, even though he did not know the true identity of the wrongdoer. *Childs v. Haussecker*, 974 S.W.2d 31, 36, 40 (Tex.1998). Stone's fraudulent concealment argument is waived because it was not pursued in the district court. *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir.2007).

2. Menchaca was entitled to qualified immunity under well-settled Circuit precedent. *Ontiveros v. City of Rosenberg, Tex.*, 564 F.3d 379, 380 (5th Cir.2009). Vasquez' actions posed a serious threat to those around him, and it was rea-

sonable for Menchaca to use deadly force. *See Id.* at 385.

3. The district court properly dismissed Vasquez' premises liability and negligent hiring, supervision, and training claims against RL Worth because Vasquez did not point the court to any evidence supporting these claims.

The judgment of the district court is **AFFIRMED.**

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.